J-S43030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTIN TISDALL | |
| Appellant | No. 2898 EDA 2014 |

Appeal from the PCRA Order September 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0308871-1998

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 28, 2015**

Appellant, Martin Tisdall, appeals *pro se* from the order entered September 19, 2014, in the Court of Common Pleas of Philadelphia County, which dismissed his PCRA[1] petition.  We affirm.

On November 22, 1999, Tisdall entered a guilty plea to four counts each of robbery, criminal conspiracy, and possessing an instrument of crime. On March 1, 2000, the trial court sentenced Tisdall to 32½ to 65 years in prison, to be followed by 60 years' probation.  Tisdall sought to modify his sentence, and later moved to withdraw his guilty plea.  The trial court denied both motions.  Tisdall did not file a direct appeal.[2]

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] Defense counsel was permitted to withdraw his representation and new counsel subsequently sought to challenge trial counsel's effectiveness.  The
*(Footnote Continued Next Page)*

On January 22, 2013, Tisdall filed a *pro se* PCRA petition. The PCRA court appointed counsel, and appointed counsel filed a Petition to Withdraw and a **Turner/Finley**[3] no-merit letter. The PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Tisdall's PCRA petition as untimely; Tisdall filed an amended PCRA petition in response thereto. The PCRA court later dismissed the petition and granted appointed counsel permission to withdraw. This timely *pro se* appeal followed.

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. **See Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa. Super. 2011). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Id**. (citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." **Id**. (citation omitted). "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within

(Footnote Continued) ———————————

trial court denied Tisdall's ineffective assistance of counsel claims following a hearing, and this Court affirmed that decision on appeal. **See Commonwealth v. Tisdall**, 833 A.2d 1151 (Pa. Super. 2003) (Table) (unpublished memorandum).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Harris*, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009).

Section 9545 provides, in relevant part, as follows.

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

Instantly, Tisdall's judgment of sentence became final on March 31, 2000, 30 days following the imposition of sentence when the time for filing a direct appeal expired. **See** Pa.R.A.P. 903(a). Thus, Tisdall's petition filed January 22, 2013, is patently untimely and he must plead and prove in his petition one of the three enumerated statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1).

In his amended PCRA petition, Tisdall asserts that he "cannot be held legally responsible for filing a late PCRA petition because he was rendered mentally disabled as a direct result of his severe [gunshot] wound to the head." Amended PCRA Petition, 8/18/14 at 2. Regrettably, Tisdall does not inform this Court when he sustained this gunshot wound. He claims, however, that his alleged incompetency qualifies under the after-discovered facts exception to the PCRA time-bar exception under Section 9545(b)(1)(ii). Appellant relies on the case of **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2003). **Cruz** provides no relief.

In **Cruz**, appellant shot and killed three people and injured four others, and then attempted suicide and shot himself in the head. According to a psychiatrist, the self-inflicted gunshot wound left appellant "lobotomized" and unable to express emotions or to discuss the facts of the case in any discernible manner. The Pennsylvania Supreme Court found that "mental incompetence at the relevant times, if proven, *may* satisfy the requirements

- 4 -

of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." 852 A.2d at 288 (emphasis in original). The Supreme Court remanded the case for a hearing to determine whether "(1) [Cruz] was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) [Cruz's] current petition was timely filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated." *Id*.

Tisdall's allegation of incompetence is contradicted by the record. Prior to sentencing, the trial court had prepared a psychiatric report and mental status evaluation. When reviewing the report at sentencing, the trial court noted that although Tisdall had previously sustained a gunshot wound to the back of the head, the bullet did not affect any brain structure and "defendant denies any neurological sequela from these gunshot wounds." N.T., Sentencing, 3/1/00 at 49. The report further indicated that Tisdall "does not display any neurological deficits" and "does not show any signs of organicity or cognitive defects." *Id*. at 51-52.

As there simply is no evidence to substantiate Tisdall's claim of incompetency, or that the incompetency caused Tisdall to be unable to timely file a PCRA petition, this claim cannot qualify as a fact which was previously unknown and could not have been ascertained by the exercise of

due diligence. Accordingly, the PCRA court properly dismissed Tisdall's petition.

Order affirmed. Appellant's Request for Court to Take Judicial Notice denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015